JACOB BIRNBERG *vs.* SAMUEL SCHWAB *et al.*

Submitted on briefs Dec. 12, 1893.   Affirmed Dec. 18, 1893.

No. 8470.

Verdict Justified by the evidence.

Evidence *held* to justify the verdict.

Appeal by defendants, Samuel Schwab and Max Schwab, from an order of the District Court of Ramsey County, *Chas. D. Kerr*, J., made July 6, 1893, denying their motion for a new trial.

The defendants were partners in business at St. Paul, dealing in dry goods and notions at wholesale. They occupied a three story brick store, No. 211 East Fourth Street, in which was a freight elevator running through all the floors from cellar to third story. The openings in the floors were closed by trap doors, which opened and shut automatically as the elevator approached and passed through. The plaintiff, Jacob Birnberg, was a customer and was in the store examining goods between three and four o'clock in the afternoon of December 22, 1891. While on the main floor he started to go to the counting room and fell through the opening into the basement and was injured. It appears that the platform elevator was above, and for some reason the trap door in this floor was left open and that plaintiff casually walked into it. He brought this action to recover his damages, claiming he was injured in consequence of the negligence of the defendants, in leaving this opening unguarded by rail or otherwise. The defendants denied negligence and charged that plaintiff was himself negligent in walking into the opening; as it was at the side and he and old customer, familiar with the premises. The issues were tried February 15, 1893. At the close of the evidence defendants asked the Judge to instruct the jury to return a verdict for defendants. This was refused and they excepted. Among other things the Judge charged the jury as follows:

"It is the duty of him who keeps an establishment where the public are invited to trade and do business, to use ordinary care and diligence to make and maintain the appliances reasonably safe for those visiting it for such purposes. Extraordinary diligence or care is not required."

"His duty in that behalf is confined to those parts and places in the establishment where the public are invited to go, or where the particular customer who complains of injury has been invited or licensed to go."

"Plaintiff does not claim this trap door in the floor was open on account of any lack of repair or condition of the elevator; but the fact of its being open is what he complains of—that it was open and unprotected."

"It was not incumbent upon the plaintiff any more than upon the defendants, to use extraordinary care or unusual diligence. The duty resting upon him was simply to use ordinary care and prudence, as it is upon every man in the pursuit of his daily avocation to use his eyesight—to make use of the senses which nature has given him; and if, by failure to use his senses when, as an ordinarily prudent man he ought to have used them, he is injured, he cannot lay the responsibility of his injury upon other persons."

The jury returned a verdict for plaintiff and assessed his damages at $1,300. Defendants made a case containing all the evidence and it was settled, signed and filed. On it they moved for a new trial, on the ground that the verdict was not justified by the evidence. The Court refused and they appealed. The discussion here was upon the evidence, whether or not it sustained the verdict.

*Kueffner, Fauntleroy & Searles,* for appellants.

*Otto K. Sauer,* for respondent.

GILFILLAN, C. J. There is no question presented in the case, except, did the evidence make a proper case for the jury upon the questions of defendants' negligence and plaintiff's contributory negligence?

We are satisfied that upon both these questions the case was a proper one for the jury, and that their verdict must stand. The evidence presents only simple questions of fact, involving no rule or principle in the law on the subject of negligence, and therefore a rehearsal of it would be profitless.

Order affirmed.

(Opinion published 56 N. W. Rep. 341.)